UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Xue L.,                                                                                       Civ. No. 25-4774 (PAM/LIB)

                Petitioner,

v.                                                                                            **MEMORANDUM AND ORDER**

Kristi Noem, in her official capacity as
Secretary of the U.S. Department of
Homeland Security; Todd Lyons, in his
official capacity as Acting Director of U.S.
Immigration and Customs Enforcement;
Michael Bottjen, in his official capacity as
Acting Deputy Field Office Director of St.
Paul-Minneapolis Office, U.S. Immigration
and Customs Enforcement; and Mike
Stasko, in his official capacity as Jail
Administrator at Freeborn County Adult
Detention Center;

                Respondents.

This matter is before the Court on Petitioner Xue L.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and Motion for a Preliminary Injunction.[1]  (Pet. (Docket No. 1); Mot. for Prelim. Inj. (Docket No. 2).)  Petitioner challenges his immigration detention pending removal.  For the following reasons, the Court denies the Petition.

---

[1] The Court treats Petitioner's Motion for a temporary restraining order as one for a preliminary injunction, as Respondents had notice of the Motion and submitted a response. See Fed. R. Civ. P. 65(a); Wheatley v. Quist, Civ. No. 15-1979, 2016 WL 2596007, at *1 (D. Minn. Apr. 13, 2016) (Rau, M.J.), report and recommendation adopted, 2016 WL 1949569, at *1 (D. Minn. May 3, 2016) (Frank, J.).

BACKGROUND

Although Petitioner claims to be stateless, he is a citizen of Laos. (Decl. of Christopher Campbell (Docket No. 7) ¶ 5.) In 1980, the Immigration and Nationality Service admitted him to the United States as a refugee. (Id. ¶ 6.) In 1998, Petitioner was convicted of second-degree sexual assault of a child. (Id. ¶ 7.) On May 17, 2005, Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") arrested Petitioner and served him with a Notice to Appear in Removal Proceedings, charging him as removable under the Immigration and Nationality Act for his conviction of an aggravated felony. (Id. ¶ 8.) On September 6, 2005, an Immigration Judge ordered him removed from the United States but granted him a Deferral of Removal to Laos under the Convention Against Torture. (Id. ¶ 9.) ICE detained Petitioner while pursuing his removal to a country other than Laos, but could not secure a travel document to do so. (Id. ¶ 10.) Thus, ERO released Petitioner under an Order of Supervision on February 13, 2006. (Id.) He has since reported as his Order of Supervision directs. (Id. ¶ 11.)

On December 16, 2025, ERO arrested Petitioner and revoked his Order of Supervision, citing a change in circumstances and indicating that his removal is "significantly likely in the reasonably foreseeable future." (Id. ¶ 12; Id. Ex. A at 1.) Petitioner was afforded an informal interview to allow him "an opportunity to respond to the reasons for revocation and to provide any evidence to demonstrate that [his] removal is unlikely," as required under 8 C.F.R. §§ 241.4(1), 241.13(j). (Id. ¶ 12; Id. Ex. A at 3.) At the interview, Petitioner did not provide a statement or any documents showing that his

2

removal was unlikely; instead, he provided a written statement addressing other issues. (Id. Ex. A at 3, 5–6.) Petitioner remains detained since his arrest. (Pet. ¶ 3.) Petitioner challenges his detention on substantive and procedural grounds.

**DISCUSSION**

"A writ of habeas corpus enables a person detained by the government to challenge the legality of his confinement and, if successful, obtain his release." Abdulkadir A. v. Sessions, Civ. No. 18-2353, 2018 WL 7048363, at *2 (D. Minn. Nov. 13, 2018) (Bowbeer, J.) (citing Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)), report and recommendation adopted, 2019 WL 201761 (D. Minn. Jan. 15, 2019) (Brasel, J.).

Petitioner's main claim is that his detention violates the Due Process Clause of the Fifth Amendment, because he is unlikely to be removed to Laos in the reasonably foreseeable future. In Zadvydas v. Davis, the United States Supreme Court articulated that the Due Process Clause prevents a person subject to removal to be detained indefinitely pending removal. 533 U.S. 678, 699–700 (2001). Under the framework established by Zadvydas, "it is presumptively reasonable to keep [a noncitizen] subject to a final removal order in custody for a total of six months." Bah v. Cangemi, 489 F. Supp. 2d 905, 916 (D. Minn. 2007) (citing Zadvydas, 533 U.S. at 701). The Supreme Court established that "[t]his 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701.

3

Petitioner fails to meet his initial burden under Zadvydas, because he provides no support for his allegation that his removal is unlikely in the foreseeable future. He argues that because ICE has not obtained travel documents for his removal, there is no substantial likelihood of his removal. However, "[t]he mere passage of time, including concomitant delays in obtaining travel documents, is not alone sufficient to show that no such likelihood exists unless the delays are so extraordinarily long as to trigger an inference that travel documents will likely never issue at all." Chen v. Banieke, Civ. No. 15-2188, 2015 WL 4919889, at *4 (D. Minn. Aug. 11, 2015) (Doty, J., adopting report and recommendation of Thorson, Mag. J.). Moreover, Petitioner has been in ICE custody for less than one month—well within the presumptively reasonable period set forth in Zadvydas. Petitioner also overlooks that the circumstances have significantly changed since his original detention twenty years ago, because ICE has successfully removed more than twenty individuals from Minnesota to Loas within the last year. (Campbell Decl. ¶ 14.) Petitioner is not entitled to relief under Zadvydas.

Petitioner also raises procedural challenges to his re-detention. As an initial matter, the only relief Petitioner explicitly seeks is his release from custody, which would not cure the procedural errors he alleges. Moreover, Petitioner has not established that he can obtain the procedural relief that he impliedly seeks, because the statute governing the detention and removal of aliens dictates that it "shall [not] be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1231(h). In any event, the Court finds that Petitioner's procedural claims lack merit.

4

Although Petitioner repeatedly references "findings" that ICE officials must make when detaining a person, he fails to cite any authority requiring such findings. It is clear that ICE may revoke an alien's release "if, on account of changed circumstances, the [agency] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2).[2] Here, as explained above, Petitioner's Notice of Revocation explained that the basis for the revocation is that his removal to Laos is imminent. (Campbell Ex. A at 1.) Petitioner was allowed an opportunity to explain why his removal would not be likely in the reasonably foreseeable future, but he chose not to provide any reason. (Id. at 3.) Further, ICE recently began successfully removing individuals to Laos, and therefore it is reasonable to believe that ICE will be able to secure a travel document for Petitioner. (See id. ¶ 14.)

Finally, Petitioner questions whether the Acting Deputy Field Office Director who signed his Notice of Revocation of Release was authorized to do so. This claim is without merit because the law clearly states that Field Office Directors and their deputies may revoke an Order of Release. See 8 C.F.R. § 241.13(i)(2).

The Court must conclude that Petitioner is not entitled to the habeas relief that he seeks, and thus denies his Petition.

---

[2] Petitioner references 8 C.F.R. § 241.4(l), but that Section does not govern the claims at issue here.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **DENIED**;

2. Petitioner's Motion for a Temporary Restraining Order and Preliminary Injunction (Docket No. 2) is **DENIED**; and

3. This action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>January 12, 2026</u>              *s/ Paul A. Magnuson*
                                            Paul A. Magnuson
                                            United States District Court Judge